PER CURIAM.
This is an emergency petition filed herein by certain media parties pursuant to Fla.R. App.P. 9.100(d) seeking review of a trial court order entered below which, in effect, precludes the public and media from attending pre-trial discovery depositions which may be taken of children in the criminal case of State of Florida v. Francisco Fuster Escalona, also known as Frank Fus-ter, and Ileana Fuster, 84-19728, presently pending before the Circuit Court for the Eleventh Judicial Circuit of Florida in and for Dade County, Florida. The order; however, does not preclude the public and media from inspecting such depositions when same are filed in the court file in this cause.
Based on the indistinguishable and controlling authority of Palm Beach Newspapers, Inc. v. Burk, 471 So.2d 571 (Fla. 4th DCA 1985) (en banc), we deny the instant petition upon a holding that there is no constitutional, procedural or substantive right of the public or the media to attend pre-trial discovery depositions in criminal cases, and that, accordingly, the three-pronged test for closure established in Miami Herald Publishing Co. v. State, 363 So.2d 603 (Fla. 4th DCA 1978), and adopted by the Florida Supreme Court in Miami Herald Publishing Co. v. Lewis, 426 So.2d 1 (Fla.1982), is entirely inapplicable to this case. In view of the obvious public importance of this case, however, we hereby certify, pursuant to Article V, Section 3(b)(4), of the Florida Constitution, that this decision passes upon the following question of great public importance so as to permit further review of this case in the Florida Supreme Court, to wit: is the print and electronic media entitled to notice of, and the opportunity and right to attend, pre-trial discovery depositions in criminal cases.
Petition denied.